CURTIS BRYANT, BARBARA BRYANT, WARD BROWNE,
DAVID IRVINE, KEITH BURBRIDGE, RITA BURBRIDGE,
JOHN ROSE, and GREG LEWIS, Plaintiffs

v.

SOUTHWEST MARINE OF SAMOA, INC.,
VESSEL SOUTHWEST MARINE CRANE BARGE,
its Engines, Tackle and Gear, and DOES I-XX, Defendants

SOUTHWEST MARINE OF SAMOA, INC., Third-Party Plaintiff

v.

KOREA WONYANG FISHERIES CO., LTD.,
KOREAN TUNA VENTURES S.A., STARKIST SAMOA, INC.,
STARKIST FOODS, INC., and
AMERICAN SAMOA GOVERNMENT, Third-Party Defendants

High Court of American Samoa
Trial Division

CA No. 41-92

September 8, 1992

Before RICHMOND, Associate Justice, AFUOLA, Associate Judge, and
MATA'UTIA, Associate Judge.

Counsel:     For Plaintiffs, Charles V. Ala'ilima
             For Defendant and Third-Party Plaintiff Southwest
                  Marine of Samoa, Inc. and Defendant
                  Southwest Marine Crane Barge, Robert A.
                  Dennison III
             For Third-Party Defendant StarKist Samoa, Inc. and
                  StarKist Foods, Inc., John L. Ward II

For Third-Party Defendant American Samoa Government, Cheryl A. Quadlander, Assistant Attorney General

Order Denying Motion to Reconsider Order on Motion to Dismiss:

The Court's order granting the motion by third-party defendant American Samoa Government ("ASG") to dismiss the third-party complaint against it was issued on August 5, 1992, and entered on August 6, 1992. The motion by defendant and third-party plaintiff Southwest Marine of Samoa, Inc. ("SWM Samoa") to reconsider this order was filed on August 17, 1992, and heard on September 3, 1992.

In connection with its motion to reconsider, SWM Samoa has correctly pointed out that the administrative-claim prerequisite to suit against the U.S. Government was added to the Federal Torts Claims Act ("F.T.C.A.") by amendment to 28 U.S.C. § 2675 in 1966; and that then-federal case law, initiated by *United States v. Yellow Cab*, 340 U.S. 543 (1951), had clearly established third-party practice against the federal government. Any cause of action asserted by third-party complaint, cross-claim, or counterclaim is expressly and reasonably excepted from the administrative-claim requirement in 28 U.S.C. § 2675(a). However, this point only reinforces the compelling inference that the Legislature acted deliberately when the American Samoa Government Tort Liability Act ("G.T.L.A.") was enacted in the following year, 1967, and the exception was not included in A.S.C.A. § 43.1205(a). The G.T.L.A. was modeled on the F.T.C.A., as amended in 1966, and A.S.C.A. § 43.1205(a) is the counterpart of 28 U.S.C. § 2675(a).

The motion to reconsider the order of dismissal is denied.

The following language was inadvertently omitted from the Court's order dismissing the third-party complaint against ASG and by amendment is added at the end of the last paragraph on page 3: "It is so ordered."

It is so ordered.